# LEANDRO GUTIERRES *v.* MARIA REFUJIO PINO AND MIGUEL ROMERO Y BACA.

CHANCERY JURISDICTION OF TERRITORIAL COURTS.—The chancery jurisdiction of the courts of this territory is derived from the organic act and other acts of congress, and is the same as is vested in the courts of the United States possessing chancery powers, combining the jurisdiction of United States circuit and district courts with that arising under territorial laws.

EQUITY GIVES NO RELIEF AGAINST VOID JUDGMENT, WHEN.—A bill in equity will not lie to restrain the execution of a judgment which is absolutely void, because the party aggrieved has an adequate legal remedy by an action of trespass against any officer attempting to enforce such judgment.

EXPENSE AND INCONVENIENCE OF LEGAL REMEDY.—The fact that the legal remedy for a wrong is expensive or inconvenient, or that the party is likely to obtain insufficient damages, will not give a court of chancery jurisdiction.

STATUTE ABOLISHING DISTINCTION BETWEEN LAW AND EQUITY.—The territorial statute of July 12, 1851, abolishing the distinction between courts of law and equity as to their jurisdiction and practice, is not binding on the courts of the territory, the legislature having no power to pass such a law.

APPEAL from the district court for San Miguel county. The opinion states the case.

*C. P. Clever*, for the appellant.

*R. H. Tompkins*, for the appellees.

By Court, BENEDICT, C. J.:

This was an action in chancery for an injunction. The bill shows a suit was tried before a justice between Leandro Gutierres and Maria Refujio Pino for a cow. The justice of the peace gave judgment in favor of the plaintiff, and the defendant appealed to the probate court of the county, of which court Don Miguel Romero y Baca was judge. The bill charges fraudulent conduct upon the judge of probate in falsely representing to the complainant that the appeal was not pending in his court, and then clandestinely trying the cause *ex parte*, and rendering judgment against him, that he "should deliver to the said Maria Refujio Pino a cow with calf, and a calf one year old."

No further proceedings were ever had in the probate court. No execution was issued, but the bill charged that the judge of probate threatened the issuance of one. It also charged that the "judgment itself is null and void, and can not and ought not to be enforced." It prayed an injunction against Maria Refujio to restrain and enjoin her from enforcing, or attempting to enforce, the said judgment, and against the judge of probate restraining and enjoining him from issuing, or causing to be issued, an execution.

The defendants filed separate answers denying all fraud or collusion. The judge of probate denied that he had informed or represented to the complainant that the appeal was not pending in his court. He averred that when the appeal was tried, the complainant was represented by an agent who contested the case in his behalf. The cause was then set down for hearing by the agreement of the parties upon the bill and answer. After hearing the case the court dismissed the complainant's bill for the want of equity, and from the decree of dismissal he appealed.

There are but few points to be considered in this case. The chancery jurisdiction of the courts in this territory is derived from the organic act and other acts of congress, and is the same as is vested in the courts of the United States, possessing chancery powers, to institute, hear, and determine causes in equity. The organic act (Stats. at Large, 450) enacts, that the "supreme court and district courts, respectively, shall possess chancery as well as common law jurisdiction." The legislature of this territory has never attempted to prescribe any rules of procedure, or in any manner interfere with the chancery practice in the circuit courts of the United States, except to attempt to destroy all distinctions between actions at law and in equity.

The organic act declares (Stats. at Large, 452) "that the constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and effect within the said territory of New Mexico as elsewhere in the United States." Also, page 450, "each of the said district courts shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United

.States as is vested in the circuit and district courts of the United States."

The district courts vested with such large powers are those of this territory. They combine the jurisdictions of the circuit and district courts of the United States, with such as flow from the local laws and legislation of the territory. These courts in the exercise of chancery jurisdiction, and in the administration of the principles of equity, and the remedies peculiar to that branch of jurisprudence, look to the legislation of congress, and the rules promulgated, and the practice of the supreme court of the United States. That court said " the rules which govern the practice of the circuit courts in chancery have been prescribed by this court, and should be followed:" See 7 Curtis Cond. Rep. 732.

The sixteenth section of the judiciary act of 1789 declares: "That suits in equity shall not be sustained in any of the courts of the United States in any case where plain, adequate, and complete remedy may be had at law." Remedy, as a legal term, means, "the action or means given by law for the recovery of a right:" Jac. Law Dict. 462. In the case now under consideration, the plaintiff himself, in his bill, charges that the judgment against which he was seeking relief "was null and void, and ought not and can not be enforced." According to his own showing, when he approached the district court, the judge of probate, who should cause execution to issue upon the alleged judgment; and all ministerial officers who should proceed upon the property of the injured party against whom such execution should run, would be trespassers, as doubtless they would. In such case, the remedy of the party damaged would be plain, adequate, and complete at law, in view of the before-quoted section, and which section the courts of the United States have decided, introduced no new rule, but was declaratory of the common law in courts of chancery and equity proceedings. That it was but declaratory, is well known to every lawyer even moderately versed in the knowledge and principles of his profession.

It is sometimes said in argument by the profession in this

country, that the expenses and risks are often so great in the courts of New Mexico, and the unavoidable outlays in the prosecution of a remedy by an action of trespass so large, that an injured party is by no means secure of obtaining adequate redress by a suit at law; that juries may commit grave mistakes in their verdicts, or not fully appreciate the wrongs and damages inflicted upon a party under color and pretense of an execution, though a void one. These considerations, even if well founded, can have nothing to do in controlling the courts in finding and maintaining the distinctions between courts of law and courts of chancery. The inconveniences in the prosecution of a suit, and the insufficiency of damages which may be obtained, can not determine the remedy, " or action, or means given by law for the recovery of a right." If the action or means is at law, then the suit should be prosecuted at law. If the action given by law is a proceeding in chancery, then the party seeking relief should pursue that description of action.

It is true that the legislature of New Mexico enacted in the practice act of July 12, 1851, sec. 5, " that the distinctions known to the common law of England and the United States, between courts of chancery or equity, and of courts of common law, and the distinctive jurisdiction of said ·courts in regard to the subject-matter in controversy, shall not be regarded or recognized in the practice of the courts of said territory." No court in New Mexico has regarded this section (though it still exists) as binding upon its action or practice. The distinctions intended to be destroyed have been carefully preserved. The supreme court of the United States has decided that it is not in the power of even a state to abolish these distinctions in the United States courts in proceedings in chancery. If a state can not, much less can a territory, created and organized by an act of congress.

By the constitution of the United States, no person in their courts can be deprived of the right of trial by jury, when the sum in controversy shall exceed twenty dollars. In equity and admiralty cases, parties may be denied such trial. When a court usurps jurisdiction in chancery over

a subject-matter which pertains to an action at law, the usurpation denies and deprives the parties of a mode of trial solemnly guaranteed to them in the supreme law of the land.     Reference is here made to causes belonging exclusively to actions at law.     This court does not forget that the arm of the chancellor may sometimes be extended to prevent and restrain trespasses, where the danger is threatening and imminent, and the damages great and irreparable, and the wrong-doer, from his precarious and insolvent state and condition, shall not be able to pay the damages he may cause and inflict.

The case now before this court shows no such state of facts.     The opinion and judgment of this court is, that the decree of the court below in dismissing complainant's bill, was correctly rendered and is affirmed.